IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IDS LIFE INSURANCE COMPANY,

        Plaintiff,

v.

HUONG PHAM BRADFIELD, *et al.*,

        Defendants.

Case No. 05-4148-KGS

_____

## **MEMORANDUM AND ORDER**

This matter comes before the court on defendants' Motion for Summary Judgment (Doc. 25). Plaintiff IDS Life Insurance Company ("plaintiff") has filed a response to defendants' motion (Doc. 27). No replies were filed. The court therefore deems this matter ripe for consideration.

Plaintiff filed this action for declaratory judgment on December 22, 2005. Specifically, plaintiff requests that the court determine the rights and status of the defendants with respect to their entitlement to the death benefits under three life insurance policies plaintiff issued. Thereafter, Huong Pham Bradfield, Mai Pham, Tuoi Pham, and Chau Pham filed their Answer to plaintiff's Complaint, seeking to have the court direct the plaintiff to pay the death benefits to them as provided for in the beneficiary clauses of each life insurance policy.

**I.**    **Summary Judgment Standard.**

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."[1]

On a motion for summary judgment, the "judge's function is not. . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."[2] The standard for summary judgment mirrors the standard for directed verdict. The court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."[3] "If the [c]ourt concludes a fair-minded jury could not return a verdict in favor of the non-moving party based on the evidence presented, it may enter a summary judgment."[4]

**II.    Facts**.

The events giving rise to this litigation center on life insurance policies plaintiff issued to Phuong T.N. Pham, who is now deceased. On April 17, 1996, Ms. Pham submitted an application for a life insurance policy with plaintiff insuring her life. On June 15, 1996, plaintiff issued a life insurance to Ms. Pham providing for death benefits of $100,000.00. This policy named two of Ms. Pham's sisters (Huong N. Pham and Mai N. Pham) as equal beneficiaries.

On September 20, 2001, Ms. Pham submitted another application to plaintiff for a life insurance policy. On October 1, 2001, plaintiff issued a second life insurance policy providing for death benefits of $250,000.00. That policy names Ms. Pham's sisters (Huong N. Pham, Mai

---

[1] Fed. R. Civ. P. 56(c).

[2] *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986).

[3] *Id*. at 251-52.

[4] *Anderson v. City of Cleveland*, 90 F. Supp. 2d 906, 907-08 (E.D. Tenn. 2000) (*citing Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986)).

N. Pham, and Tuoi Pham) and one brother (Chau Pham) as equal beneficiaries of that policy.

Finally, also on September 20, 2001, Ms. Pham submitted a third application for a life insurance policy with plaintiff and pursuant to that application, plaintiff issued Ms. Pham a policy on October 15, 2001, providing for death benefits in the amount of $500,000.00.  This policy named three sisters (Huong N. Pham, Mai N. Pham, and Tuoi Pham) and one brother (Chau Pham) as equal beneficiaries.

Ms. Pham was last seen on May 22, 2002.  On May 29, 2002, her body was found floating in a lagoon in Veterans Park, near Lake Michigan in Milwaukee, Wisconsin.  Ms. Pham had been residing in West Allis, Wisconsin prior to her death.  She was the apparent victim of strangulation and her death was ruled a homicide.  Ms. Pham's homicide investigation has been ongoing; however, no arrests have been made and authorities have not released information pertaining to the investigation.  Additionally, the Milwaukee County Sheriff's Department – the authorities investigation Ms. Pham's death – have failed to provide any assurances that the beneficiaries under the policies are not suspects in the homicide investigation.

After Ms. Pham's death, defendants Huong Pham Bradfield, Mai Pham, Tuoi Pham, and Chau Pham filed death claim statements with plaintiff IDS Life Insurance as beneficiaries under the above referenced policies.  Defendants Huong Pham Bradfield, Mai Pham, Tuoi Pham, and Chau Pham deny any participation or complicity in the death of Phuong Pham.   The remaining defendants – Duc Thi Pham, Ngoc-Vui Thi Pham, Ngoc-Lien Thi Pham, NgocDanh Thi Pham, and Pham Trong Nhan –  are Ms. Phuong Pham's heirs-at-law.  These individuals have each entered their appearance and have consented to the payment of the policies' death benefits to the four named beneficiaries.

The applications for the life insurance policies in issue were submitted by Phuong T. N. Pham from the State of Kansas and the policies themselves were delivered in the State of Kansas. Insurance Policy No. 9090-6840842 expressly provides that the law of the state in which the policy is delivered will control. While the remaining two policies that are at issue in this matter do not have express provisions concerning choice of law, it is plaintiff's policy that the law of the state in which the policy is delivered should govern. Phuong T. N. Pham, the decedent insured, was a resident of the State of Kansas at the time the policies were applied for and delivered. All of the named beneficiaries are residents of the State of Kansas and all parties have consented to the subject matter and personal jurisdiction of the Kansas court.

The parties stipulate that the death benefits due under IDS Life Insurance Policy No. 9000-05219105 ($100,000) and Policy No. 9000-6840853 ($500,000), both 10-year policies, should accrue prejudgment simple interest at the annual rate of 3.5% from the date of death, May 29, 2002, until the date of payment; and that the death benefit due on Policy No. 9090-6840842 ($250,000), a variable universal life policy, should accrue prejudgment simple interest at the annual rate of 5.0% from May 29, 2002 until the date of payment. The parties further stipulate the above interest rates are determined by adding 1% to the contracted-for interest rate on death proceeds left on deposit with the insurer, as required by K.S.A. 40-4479(a).[5]

**III.   Discussion**

As an initial matter, the court notes that the parties do not dispute the facts as set forth by defendants in their motion for summary judgment. Additionally, the parties filed a Joint

---

[5] *See* Parties' Stipulation of Additional Facts in Support of Defendants' Motion for Summary Judgment (Doc. 32).

Stipulation of Additional Facts in Support of Defendants' Motion for Summary Judgment (Doc. 32), in which the parties establish facts demonstrating that defendant's life insurance policies are to be governed by the laws of the State of Kansas.

Under Kansas law, the central question to be resolved is whether Kansas's "slayer statute" prohibits the named beneficiaries from receiving the death benefits from Phuong T.N. Pham's life insurance policies. K.S.A. 59-513 provides:

> No person convicted of feloniously killing, or procuring the killing of, another person shall inherit or take by will by intestate succession, as a surviving joint tenant, as a beneficiary under a trust otherwise from such other person any portion of the estate or property in which the decedent had an interest.

As a result, if any named beneficiary of Ms. Pham's insurance policies has been convicted of Ms. Pham's murder, then such person may not take the death benefits under Ms. Pham's life insurance policies.

It is undisputed that after nearly five years Ms. Pham's homicide case in Milwaukee remains unsolved. It is also undisputed that Milwaukee authorities have refused to rule out anyone as a suspect in the case. However, *no* evidence has been presented for purposes of this case to demonstrate that any of the named defendants has been convicted of feloniously killing or procuring the killing of Ms. Pham. Likewise, none of the parties have submitted any evidence suggesting any of the named defendants are even suspected in the felonious killing of Ms. Pham. Absent evidence that any of the defendant beneficiaries have been convicted of Ms. Pham's killing or suspected in such killing, the court finds that K.S.A. 59-513 would not deny any of the defendant beneficiaries in this case the right to the proceeds of Ms. Pham's insurance policies.

The court having reviewed defendants' Motion for Summary Judgment and Suggestions in Support of Defendants' Motion, the affidavits submitted by defendants Huong Pham

Bradfield, Mai Pham, Tuoi Pham and Chau Pham and plaintiff's Response thereto, and the parties' Stipulation of Additional Facts (Doc. 32), finds that there is no genuine issue of material fact, that the evidence points but one way, and that the defendant beneficiaries are entitled to the proceeds of Ms. Pham's insurance policies.

**IT IS THEREFORE ORDERED** that defendants Huong Pham Bradfield, Mai Pham, Tuoi Pham and Chau Pham are the named beneficiaries under the life insurance policies issued by plaintiff IDS Life Insurance Company on the life of Phuong T. N. Pham, that these named beneficiaries are not precluded from receiving death benefits under those policies and that plaintiff IDS Life Insurance Company should be ordered to pay the death benefits provided to the beneficiaries named under those policies.

**IT IS FURTHER ORDERED** that plaintiff IDS Life Insurance Company should pay the following principal death benefit amounts under the following policies to the following defendants, to wit:

1)  IDS Life Insurance Policy No. 9000-05219105
    Death Benefit of $100,000 as follows:

    i)  Huong N. Pham Bradfield         $50,000
    ii) Mai N. Pham                     $50,000

2)  IDS Life Insurance Policy No. 9000-6840853
    Death Benefit of $500,000 as follows:

    i)   Huong N. Pham Bradfield        $125,000
    ii)  Mai N. Pham                    $125,000
    iii) Chau Pham                      $125,000
    iv)  Tuoi Pham                      $125,000

3)  IDS Life Insurance Policy No. 9090-6840842
    Death Benefit of $250,000 as follows:

    i)  Huong N. Pham Bradfield         $62,500

    ii)  Mai N. Pham                                $62,500
    iii)  Chau Pham                                $62,500
    iv)  Tuoi Pham                                $62,500

**IT IS FURTHER ORDERED** that the amount of death benefits due under IDS Life Insurance Policy No. 9000-05219105 ($100,000) and Policy No. 9000-6840853 ($500,000), both 10-year term policies, should accrue prejudgment simple interest at the annual rate of 3.5% from the date of death, May 29, 2002, until the date of payment; and that the death benefit due on Policy No. 9090-6840842 ($250,000), a variable universal life policy, should accrue prejudgment simple interest at the annual rate of 5.0% from May 29, 2002 until the date of payment.[6] The accrued prejudgment interest on the respective policies shall be paid pro rata to the individual defendants listed as beneficiaries, as set forth above, based on their respective share of the death benefits.

**IT IS FURTHER ORDERED** that the principal amount of death benefits shall be paid as follows:

(1)    IDS Life Insurance Policy No. 9000-05219105 (Death benefit of $100,000)

    (a)    Huong N. Pham Bradfield:    $50,000
    (b)    Mai N. Pham:                     $50,000

(2)    IDS Life Insurance Policy No. 9000-6840853 (Death benefit of $500,000)

    (a)    Huong N. Pham Bradfield:    $125,000
    (b)    Mai N. Pham:                     $125,000
    (c)    Chau Pham:                       $125,000
    (d)    Tuoi Pham:                        $125,000

---

[6] The parties stipulate: "The above interest rates are determined by adding 1% to the contracted-for interest rate on death proceeds left on deposit with the insurer, as required by K.S.A. 40-447(a)." *See* Parties' Stipulation of Additional Facts in Support of Defendants' Motion for Summary Judgment (Doc. 32).

  (3)  IDS Life Insurance Policy No. 9090-6840842 (Death benefit of $250,000)

    (a)  Huong N. Pham Bradfield:  $62,500
    (b)  Mai N. Pham:  $62,500
    (c)  Chau Pham:  $62,500
    (d)  Tuoi Pham:  $62,500

**IT IS FURTHER ORDERED** that the principal amount of death benefits to be paid to defendants as set forth above (i.e. Huong N. Pham Bradfield - $237,500; Mai N. Pham - $237,500; Chau Pham - $187,500; and Tuoi Pham - $187,500) plus the pro rata share of the accrued prejudgment interest as set forth above shall be paid by deposit to an IDS Life Insurance Company retained assets account to be set up in the names of Huong N. Pham Bradfield, Mai N. Pham, Chau Pham and Tuoi Pham, respectively.

**IT IS FURTHER ORDERED** that upon payment of the funds as directed herein that plaintiff be relieved and discharged from any further liability or claim by all defendants, existing now or accruing in the future, known or unknown, with respect to any entitlement to death benefits under the life insurance policies which are the subject of this action.

**IT IS SO ORDERED.**

Dated this 28th day of February, 2007, at Topeka, Kansas.

            s/ K. Gary Sebelius
            K. Gary Sebelius
            U.S. Magistrate Judge